■ In the Matter of the Claim of FRANK CAMPANA, Respondent, against WILLIAM HOGAN, Doing Business as AIRLINE LIMOUSINE SERVICE, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board affirming the Referee's decision which awarded the claimant compensation for 25% partial disability from January 17, 1956 to June 20, 1957 with payments to continue. On December 16, 1953 the claimant while operating a taxicab was involved in an accident in which he suffered a cerebral concussion, post-concussion headache and contusion to the left side of his face and left shoulder. Compensation was paid for total and partial disability from December 17, 1953 to September 27, 1954 and at a hearing on November 29, 1954 it was found that the claimant was no longer undergoing treatment and had returned to work so the case was closed. On May 5, 1955 Dr. Vacca filed a report in support of an application for reopening, stating the claimant had recurrent pain in his left shoulder, headaches and vertigo. He did not state this was caused by the accident and the board refused to reopen the case. On November 2, 1955 a Dr. Reich filed a report in support of an application to reopen but in it he answered the causal relationship question in the negative. The board denied the application. Dr. Reich filed another report on January 17, 1956 in which he stated that the accident was a competent producing cause of his present findings which were recurrent attacks of dizziness and impaired sensation and weakness of grip in right hand. On January 31, 1956 the board reopened the case. On April 13, 1956 the board's medical examiner found that claimant was complaining of numbness and loss of grip and dizziness but said a neurological examination was negative. He found mild disability if any and recommended

an examination by a neurologist. An examination by a Dr. Aronowitz on the same day was substantially the same and he too recommended examination by a neurologist. On April 20, 1956, the Referee ordered such an examination. The claimant was examined by a Dr. Haines on May 8, 1956 who found that he apparently had mild posttraumatic headache and who felt he should have a psychiatric examination. On May 23, 1956 a Dr. Drislane examined the claimant on behalf of the appellants. He stated that if the history given him was accurate he thought he had some organic abnormality associated with the head injury and that he should have a complete neurological evaluation including a psychiatric evaluation. On July 5, 1956 it was agreed that the claimant should be examined by an impartial specialist and the referral form stated it was to be a neurological examination the purpose of which was to determine diagnosis, causal relationship, prognosis and type of disability. Dr. Friedman, a specialist in neuropsychiatry, was appointed and he examined the claimant on August 22, 1956. His neurological examination was negative, the electro-encephalogram was normal and thus he stated that without any organic signs the concussion could not be considered to cause the disability which he felt was of emotional origin. He went on to perform a psychiatric examination which he felt was necessary to clarify the issues in the case and he found the disability to be predominantly involved in personality characteristics and he stated the "injury was a precipitating event in a predisposed personality". He stated that in addition to the accident injuries there was a condition of conversion hysteria and that the disability was mild and of indefinite duration. The appellants objected to the reception of Dr. Friedman's psychiatric examination which had not been asked for. Apparently, no ruling was made on the objection. On January 10, 1957 the Referee found causal relationship and on June 20, 1957 made an award for a 25% partial disability. The board affirmed, finding that the psychiatric examination was necessary and that there existed a causally related mild partial disability. The appellants contend that there is no substantial medical evidence of causal relationship and that the evidence affirmatively established that there was no disability. It would seem that the board acted correctly in accepting the full examination by Dr. Friedman. The case was referred to him for diagnosis and to determine the type of disability. In his opinion the psychiatric examination was necessary to clarify the issues and it had been recommended by both Dr. Haines and Dr. Drislane. It does not appear that the appellants were prejudiced in any way inasmuch as they had an opportunity to fully cross examine Dr. Friedman on his report when he testified at the hearing. In determining whether there was any substantial medical evidence to support the board's decision and award herein we must consider essentially the reports of Drs. Haines, Drislane and Friedman and the testimony of the latter. The case was reopened on the medical report of Dr. Reich who stated that the claimant had "symptoms and signs referable to neck injury" and that the accident was a competent producing cause although in a previous report two and one-half months earlier he had answered this question in the negative. There are no other reports from Dr. Reich in the record nor was he called to testify before the Referee. Dr. Haines, the first neurologist to examine the claimant, found that he apparently had some post traumatic headaches but that his main difficulty appeared to be "inadequate personality with some hysterical features". He recommended a psychiatric examination. Dr. Drislane made a neurological examination of the claimant at the request of the appellants. He stated the complaints of weakness and numbness of the right arm and complaints of headaches were not related to the original injury. From the complaints of dizziness he thought

the claimant had some organic abnormality associated with his head injury. He recommended a neurological and psychiatric evaluation. Thus these two neurologists were unable to definitely connect the claimant's complaints to his accident. The examination by the impartial specialist showed no organic signs of neurological defect and the electroencephalogram was normal. He was therefore of the opinion that the concussion did not cause the disability. He found from a psychiatric examination that the disability was emotional and that the injury was "a precipitating event in a predisposed personality". He stated that if the claimant was believed as to the intensity of the headaches which he said he had suffered (sufficient to require him to go to bed) then he was disabled when he had them. The question of whether the claimant's disability was causally related to the accident was one of fact to be determined by the board. There was some substantial evidence in the record upon which the board could make such a finding. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.